■ SEWELL S. WATTS, JR., et al., as Executors of ROBERTA M. LANARI, Deceased, Respondents, v. SWISS BANK CORPORATION, Defendant-Appellant and Interpleading Plaintiff-Appellant. MARIA E. MEYER-LANARI et al., Interpleaded Defendants-Respondents. — Order entered on September 15, 1967, denying defendant and interpleading plaintiff Swiss Bank Corporation's motion for discharge as an interpleading stakeholder, unanimously reversed, on the law and on the facts, without costs or disbursements to any party, and motion granted to the extent that appellant is permitted to retain the property in the joint custodian account to the credit of this action. In their complaint herein plaintiffs claim title to and the right to possession of securities and cash held by Swiss Bank in a joint custodian account. In their answers the interpleaded defendants asserted an adverse claim to such fund. No independent claim against Swiss Bank was made by plaintiffs or the interpleaded defendants in this action (CPLR 1006, subd. [e]). The answers of the interpleaded defendants merely asserted a claim against Swiss Bank as the custodian of the joint account and not as a judgment debtor. Accordingly, Special Term erred in holding, on the basis of the papers before it, that Swiss Bank was "not * * * free of independent liability to the claimants". The claim that Swiss Bank did not timely move or was guilty of laches in seeking the present relief is without merit in view of the absolute failure of any party to demonstrate or even indicate how he or she was in any way prejudiced by such delay. Neither CPLR 1006 (subd. [f]) nor Banking Law, (§ 202-h, subd. 4, par. [b]) contains any time limit which would affect this application. Settle order on notice. Concur — Botein, P. J., Capozzoli, Tilzer, McGivern and McNally, JJ.

■ SEWELL S. WATTS, JR., et al., as Executors of ROBERTA M. LANARI, Deceased, Respondents, v. SWISS BANK CORPORATION, Defendant and Interpleading Plaintiff. MARIA E. MEYER-LANARI et al., Interpleaded Defendants-Appellants.— Order entered October 3, 1967, so far as appealed from unanimously affirmed, with $50 costs and disbursements to the respondents. Concur — Capozzoli, Tilzer, McGivern and McNally, JJ.; Botein, P. J., concurs in the following memorandum: Aristide Lanari and his second wife Roberta maintained a joint survivorship account with Swiss Bank Corporation in New York

City. In March, 1962, after the death of Lanari, his only child Maria, who was his daughter by his first wife, brought suit against Roberta in France. The purpose of the suit was to enforce in Maria's favor the so-called forced heirship laws of France, which at the time entitled her to three fourths of her father's estate. Roberta appeared in the suit on June 7, 1962. Two days later she died, leaving as heirs three sisters, to whom she bequeathed her entire estate except for legacies to children of her butler in amounts insufficient to have any significant bearing on the issues here in contest. The sisters were substituted for Roberta in the French action, they defended it, and it proceeded to a decree in favor of Maria which on appeal by the sisters was sustained. The French courts determined that Lanari was domiciled in France, that the law of France was applicable with respect to his personal property wherever located, that the assets in the joint account were constituted from his personal assets, and that the creation of the account was void with respect to Maria. Shortly after commencement of the French litigation Roberta brought, and after her death respondents as executors of her estate continued, the instant action against Swiss Bank Corporation to recover the property in the joint account. Appellants, Maria and the ancillary administrator c.t.a. of Lanari's estate, were interpleaded, and in their present motion for summary judgment (see 24 A D 2d 849) urge the conclusive effect of the French decree. I agree with them in part — a view I understand is not shared by the majority. Roberta's sisters, her heirs and residuary legatees, though nominally not parties to the present action, should be bound by the determination in France of the issues they litigated there in personam, notwithstanding that American tax authorities may not be bound (cf. *Riley* v. *New York Trust Co.*, 315 U. S. 343). However, the record is not clear as to the extent of appellants' rights in the property in the joint account if Maria's heirship claim can be satisfied from other property in her father's estate; nor is there a determination or conclusive evidence that such satisfaction is impossible. Accordingly, I join with the majority, albeit for different reasons, in voting to affirm.